IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARIZA DIAZ | * |
| | * |
| v. | * |
| | *   Civil Action No.: RWT 06-57 |
| THE MARYLAND  NATIONAL | * |
| CAPITAL PARK POLICE, et al. | * |
| | * |

**MEMORANDUM**

This case was referred to me pursuant to Section 636(b) of Title 28 of the United States Code and Local Rule 301 for resolution of discovery disputes. Presently pending and ready for resolution is a motion for attorney's fees and costs filed by nonparty Fraternal Order of Police, Montgomery County Lodge 35 (Lodge 35). (Dkt. No. 26). No hearing is deemed necessary. See Local Rule 105.6. For the reasons set forth below, the motion is denied.

**1. Factual Background.**

This is an action against the Maryland National Capital Park Police, Montgomery County Division, (MNCPP), one of it former officers, Leatrice DeBruhl, and at least one of its current officers. Plaintiff, who is of El Salvadoran descent, alleges that Defendant DeBruhl, who is African American, assaulted and wrongly arrested her for racially and ethnically motivated reasons. She alleges that Defendant DeBruhl directed a racial insult at her during the incident, and proffers eyewitnesses to the encounter and the racial insult.

Plaintiff served Lodge 35 with a subpoena requesting production of electronic information related to a Lodge 35 website. She asserted that this website provides a private message board where its members read and post messages, some of which are derogatory to Latin Americans. She sought discovery of electronically stored information to trace these postings to their sources. Plaintiff noted that Defendant Debruhl had recently patrolled a parking lot pursuant to an

agreement with the Montgomery County Police and that her husband had contacted a police union about this case.

After the Lodge served a written objection to the subpoena, Plaintiff moved to compel compliance. The Lodge opposed the motion, which was denied because Plaintiff failed to show any actual connection of MNCPP or Defendant DeBruhl to the webboard, and also because the request was overbroad. (Dkt. No. 19).

**2. Discussion**.

Lodge 35 now seeks expenses and attorney's fees in relation to its opposition to the motion to compel, arguing that the motion was not substantially justified. Plaintiff's opposition addresses the merits of her complaint against Defendant DeBruhl and the working relationship between MNCPP and the Montgomery County Police Department, once again asserting that "it is a reasonable inference that Leatrice DeBruhl may have accessed the Lodge 35 WebBoard to join in the anti-Latin American postings." Pl. Opp. at 4. She also contends that the Lodge's expenditure of $11,000 for two law firms and 55 attorney hours to oppose her motion was excessive, that no bad faith or discovery abuse has been shown, and that she lacks the ability to pay $11,000. The Lodge replies that bad faith is not required for a fee award under Rule 37 (a)(4)(B) of the Federal Rules of Civil Procedure, explains the necessity for the effort expended to oppose the motion to compel, and contends that its membership includes persons similarly situated financially to the Plaintiff.

Rule 37(a)(4)(B) is mandatory, requiring that the court *shall* require the moving party or the attorney who filed the motion to pay the reasonable expenses, including attorney's fees, incurred in opposing the motion, unless the making of the motion was substantially justified or

other circumstances make an award unjust.  In the Fourth Circuit, Rule 37 sanctions are awarded where there has been an abuse of the discovery process, generally in situations involving blatant disregard of discovery obligations or noncompliance with a court order.  *See Stillman v. Edmund Scientific Co.,* 522 F.2d 798, 801 (4th Cir. 1975); *see also Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 505 (D. Md. 2000).  The required level of abuse is not present here.  Although the court deemed the requested material not discoverable, the broad relevance standard of Rule 26 allows for reasonable minds to disagree on that question.  Thus, while the material sought was not relevant, the decision to seek it was not an abuse of the discovery process.  The request for fees and expenses is therefore denied.

Date: August 1, 2006                                                          /S/                            
                                                          JILLYN K. SCHULZE
                                                  United States Magistrate Judge